# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| VICTOR W. JOHNSON, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>  Defendant. ) | No. 3:07-cv-45<br>(Phillips/Guyton) |

## MEMORANDUM AND ORDER

This is a civil action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability benefits under the Social Security Act. On February 28, 2008, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a nine-page report and recommendation ("R&R") [Doc. 17], in which he recommended to this court that plaintiff's motion for summary judgment [Doc. 10] be denied and that the Commissioner's motion for summary judgment [Doc. 14] be granted.

The matter is now before the court on plaintiff's timely objections to the R&R [Doc. 19]. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the court has undertaken a *de novo* review of those portions of the R&R to which plaintiff objects. Having reviewed the record, the court finds plaintiff's objections to be well taken. There is not, however, substantial evidence in the record such that this court may grant plaintiff's motion for summary judgment. Accordingly, the action will be remanded to the Commissioner for further proceedings.

I.  **BACKGROUND**

On April 30, 2001, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. After his claim was denied both initially and upon reconsideration, plaintiff was granted an administrative hearing before an administrative law judge ("ALJ"). On June 3, 2003, the ALJ denied the claim; the Appeals Council vacated that decision and remanded the claim for a new hearing. After a rehearing on February 23, 2005, the ALJ again denied the claim, which decision was upheld by the Appeals Council on December 8, 2006. Having exhausted his administrative remedies, plaintiff appealed the ALJ's decision to this court.

Plaintiff claims disability based on chronic kidney stones, asthma, syncope, hypoglycemia, hypothyroidism, chest pain, and high cholesterol. Having engaged in the mandated five-step evaluation, the ALJ determined that although plaintiff's impairments were severe and he was unable to perform any of his past relevant work, he had the residual functioning capacity to perform light work. The ALJ suggested several jobs in the national economy which would accommodate plaintiff's residual functioning capacity and other extertional limitations. Accordingly, the ALJ denied his claim for disability.

The matter is now before this court on Judge Guyton's R&R, recommending that plaintiff's motion for summary judgment be denied and Commissioner's motion for summary judgment be granted.

II.  **STANDARD OF REVIEW**

An ALJ evaluates a claim for disability using a five-step evaluation rubric.

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers

from a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* § 505.1520(a)(4)(iii). Fourth, the ALJ determines, whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(v).

The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed, even if there is substantial evidence that would support a different conclusion. *E.g.*, *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). "Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.' " *Id.* (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 523, 535 (6th Cir. 1981) (internal quotation marks omitted)).

**III.  ANALYSIS**

The ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability, suffers from severe impairments which are not listed in the Appendix 1, Subpart P, Regulation No. 4, and cannot perform any of his past relevant work. [Tr. at 23-24]. Accordingly, plaintiff is contesting the ALJ's opinion with regard to step five. At that final step, the ALJ found that despite plaintiff's severe impairments and inability to perform his past relevant work, plaintiff was not disabled, as he possessed the residual functional capacity to perform a "significant range of light work." [Tr. at 23]. The ALJ found that although plaintiff's "exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 and 202.14

as a framework for decisionmaking, there are a significant number of jobs in the national economy which he could perform." [Tr. at 23]. The ALJ further stated that "[a] vocational expert cited jobs existing in the national economy that a hypothetical individual with the claimant's age, education, work background, and residual functional capacity could perform." [Tr. at 23]. In assessing plaintiff's residual functioning capacity, however, the ALJ failed to consider plaintiff's significant history of absenteeism, briefly dismissing it as an employer hiring or retention practice not determinative of the issue of disability. [Tr. at 21].

Plaintiff's objection to the R&R focuses on this failure to consider his history of absenteeism, and the court will likewise focus its analysis on this objection.

Plaintiff has a significant history of absenteeism, primarily attributable to his chronic kidney stones and the narcotic medication prescribed for the resulting pain. For example, plaintiff testified to the following absences from work: sixty-eight absences in 1995, eighty-six absences in 1996, fifty-three absences in 1997, and seventy-two absences in 1998.

At both hearings held during the course of this action, a separate vocational expert ("VE") testified as to the effect of plaintiff's absenteeism on his ability to perform jobs in the national economy. Specifically, in response to the counsel's question regarding the maximum number of days per year that an employee may miss, both VEs testified that a typical employee misses no more than two days a month, that a typical employer would not tolerate absences in excess of two per month, and that absenteeism above twenty-four absences a year would preclude competitive employment. [Tr. at 618, 644]. At the conclusion of the testimony of the VE in the second hearing held on February 23, 2005, the ALJ stated, "He can't sustain an eight hour day, a 4- hour week on a regular sustained continuing basis." [*Id.*].

In his decision, however, it appears the ALJ not only declined to give weight to the VEs' testimony regarding absenteeism, he disregarded the testimony altogether. Nowhere in his decision is the testimony mentioned; indeed, in the only mention of plaintiff's extensive history of absenteeism, the ALJ quickly dismissed it as an employer hiring or retention practice not determinative of disability. [Tr. at 21 (citing 20 C.F.R. 404.1566(c)(3))]. To the contrary, extensive absenteeism can be a relevant consideration in determining whether a claimant is disabled. *See Sharp v. Barnhart*, 152 F. App'x 503, 508-10 (6th Cir. 2005) (remanding case for consideration of treating physician's claim that plaintiff would miss ten out of every thirty days of work due to vertigo); *see also Jones v. Sec'y of Health & Human Servs.*, No. 84-5376, 1985 WL 12990, at *3 (6th Cir. Feb. 8, 1985) (per curiam) ("It may be necessary to have a vocational expert testify as to whether there are jobs available where an employer would be willing to accommodate such frequent absenteeism.").

Moreover, this failure to articulate the reasons for disregarding the VEs' testimony is significant, as it is the Commissioner (via the ALJ) who bears the burden at stage five of demonstrating that a claimant, though severely impaired and unable to perform any past relevant work, can nevertheless perform other jobs that exist in the national economy. *E.g.*, *Wilson*, 378 F.3d at 578. Having failed to consider whatsoever the VEs' clear testimony that absenteeism of the sort plaintiff exhibits would preclude employment, the Commissioner has failed to meet this burden, and the ALJ's decision lacks the support of substantial evidence on the record as a whole.

This court cannot, however, grant plaintiff's motion for summary judgment, as "'all essential factual issues' have not been resolved and the current record does not 'adequately establish[]' his entitlement to disability benefits." *Sharp*, 152 F. App'x at 510 (quoting *Faucher v. Sec'y of Health*

*& Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The absences noted in the record precede the alleged onset of disability, and further factfinding is necessary to determine plaintiff's current projected absenteeism. Moreover, as the ALJ discussed, a "consultant noted that treatment records did not reflect that the treating physicians took note of the claimant's prescription filling behavior, and it appears that treating sources have assumed medication compliance [with regard to plaintiff's anti-calcification medications for his chronic kidney stones] in excess of that shown by pharmacy records." [Tr. at 22]. The ALJ further stated that

> [t]reating physician Dr. Bunick noted as recently as June 2002 (two years after the alleged disability onset date) that the claimant was taking and possibly addicted to Oxycontin, and treating physician Dr. Hahn also noted as recently as October 2002 that the claimant's use of narcotic pain medication was "fairly high," given the frequency of his kidney stones.

[*Id.*]. Further factfinding is therefore necessary to explore whether plaintiff's absenteeism is attributable to the pain from his chronic kidney stones, whether he is following the appropriate preventative measures to reduce the frequency of the stones, and whether his narcotic use is in excess of that necessary to control his pain, *see* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.").

Because the ALJ's decision lacks substantial evidence in support thereof, the appropriate remedy is to reverse the decision and remand for a rehearing, pursuant to sentence four of 42 U.S.C. § 405(g). *Faucher*, 17 F.3d at 174.

## IV. CONCLUSION

In accordance with the above analysis, plaintiff's motion for summary judgment [Doc. 10]

is **GRANTED IN PART** insofar as it seeks alternative relief for remand; defendant Commissioner's motion for summary judgment [Doc. 14] is **DENIED**; and this matter is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) (2006) to the Commissioner for further consideration consistent with this opinion.

    **IT IS SO ORDERED**.

    **ENTER:**

                      <u>    s/ Thomas W. Phillips    </u>
                           United States District Judge